**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| TA Operating LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Cascades Branding Innovation LLC and ) <br> N99 LLC, ) <br> ) <br> Defendants. ) <br> ) | C.A. No. _____ <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff TA Operating LLC ("TA") files this complaint for declaratory judgment against Defendants Cascades Branding Innovation LLC ("Cascades") and N99 LLC ("N99") (collectively "Defendants"), and alleges as follows:

**PARTIES**

1. TA is a Delaware limited liability company having its principal place of business at 24601 Center Ridge Road, Suite 200, Westlake, OH 44145-5639.

2. Defendant Cascades is an Illinois limited liability company having a place of business at 500 Skokie Boulevard, Suite 35, Northbrook, Illinois. On information and belief, Cascades is the exclusive licensee and holder of substantial rights to the U.S. Patent Number 7,768,395, entitled, "Brand Mapping" ("the '395 Patent").

3. Defendant N99 is a Massachusetts limited liability company having a place of business at 69 Fifer Lane, Lexington, Massachusetts 02420. N99 is identified as the owner of all right, title and interest to the '395 Patent at the United States Patent and Trademark Office

("USPTO"). On information and belief, N99 is the owner and holder of substantial rights to the '395 Patent.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), in that it involves substantial claims arising under the United States Patent Act, 35 U.S.C. § 1 *et seq*.

5. This Court may declare the rights and other legal relations of the parties pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, because there is a case of actual controversy within the Court's jurisdiction to provide a declaratory judgment that the '395 Patent is invalid.

6. Upon information and belief, Cascades is subject to personal jurisdiction in Massachusetts because, *inter alia*, N99, the owner of the '395 Patent, is located in Massachusetts and has entered into an exclusive license with Cascades under which Cascades has certain rights and obligations directed at residents of the state of Massachusetts.

7. N99 is subject to personal jurisdiction in Massachusetts because N99 has submitted itself to the jurisdiction of the courts in Massachusetts by virtue of its formation under Massachusetts law.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

## THE PRESENCE OF AN ACTUAL CONTROVERSY

9. The '395 Patent issued to Dr. Steven K. Gold ("Dr. Gold") on August 3, 2010 from U.S. Patent Application Ser. No. 11/758,392, filed June 5, 2007 ("the '392 Application"). A copy of the '395 Patent is attached hereto as Exhibit A.

10. Dr. Gold is identified as the sole inventor of the '395 Patent on the face of the '395 Patent.

11. The '395 Patent claims priority to U.S. Provisional Application Ser. No. 60/885,773, filed on January 19, 2007.

12. The description of the '395 Patent was published at least as early as November 8, 2007 in U.S. Patent Application Publication No. 2007/0257792.

13. On information and belief, on or about February 4, 2011, Dr. Steven K. Gold assigned his entire right, title and interest to the '395 Patent to N99 ("the Gold-N99 Assignment").

14. On information and belief, on or about February 8, 2011, the Gold-N99 Assignment was recorded with the USPTO.

15. On information and belief, there are no assignments related to the '395 Patent that were recorded with the USPTO subsequent to the Gold-N99 Assignment.

16. On or about July 22, 2011, Cascades wrote a letter to TA ("the Cascades Letter"), claiming to be the holder of all substantial rights in the '395 Patent and claiming to have the exclusive right to license the '395 Patent. A copy of the Cascades Letter is attached hereto as Exhibit B.

17. Cascades accused "TravelCenters of America" of infringing the '395 Patent with its TruckSmart App for iPhone and Android.

18. TA Operating LLC, which is a subsidiary of TravelCenters of America LLC, has control and ownership over the TruckSmart App for the iPhone and Android.

19. Cascades advised TA that the purpose of the Cascades Letter was to "inform" TA of its "infringement of the '395 patent" and "to make a firm license offer" which Cascades extended until August 12, 2011.

20. Cascades advised TA that Cascades believes that the "firm license offer" is a "good value" for TA "since it is far less than a 'reasonable royalty' that would be awarded at the conclusion of any patent infringement trial" in the Cascades Letter.

21. Cascades advised TA that Cascades "will not keep the [firm license offer] open indefinitely" and demanded that TA contact it promptly with a "favorable response by August 12, 2011" to "avoid any need for court involvement."

22. Cascades advised TA that it is enforcing the '395 Patent against an alleged infringer in the matter of *Cascades Branding Innovation LLV v. Walgreen Co.*, Case No. 11:11-cv-2519 in the United States District Court for the Northern District of Illinois ("the Walgreen Suit").

23. On information and belief, Cascades is presently pursuing claims for infringement of the '395 Patent against five companies in the Walgreen Suit.

24. On information and belief, ING Bank, fsb filed a suit against N99 and Cascades on May 5, 2011, in the United States District Court for the District of Delaware seeking a declaratory judgment of noninfringement and invalidity of the '395 Patent.

25. On information and belief, the Defendants are solely licensing entities and, without enforcement, receive no benefits from the '395 Patent.

26. TA reasonably believes that the '395 Patent is invalid for failure to comply with one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

27.     TA reasonably believes the Defendants are attempting to enforce an invalid patent.

28.     Therefore, an actual controversy exists between TA and the Defendants with respect to whether the claims of the '395 Patent are valid.

29.     TA reasonably believes that, under all circumstances, there is a substantial controversy between TA and the Defendants of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNT I
## DECLARATORY JUDGMENT OF INVALIDITY

30.     The allegations of paragraphs 1-29 above are incorporated by reference as if fully set forth herein.

31.     One or more claims of the '395 Patent are invalid for failure to comply with one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

32.     Therefore, an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between TA and the Defendants, concerning the validity of the '395 Patent, and TA is entitled to a declaratory judgment that the '395 Patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TA prays that:

A.      The Court declare that the '395 Patent is invalid;

B.      TA be awarded its costs in this action;

C.      TA be awarded its attorneys fees pursuant to 35 U.S.C. § 285; and

D.      TA be awarded such other and further relief as this Court deems is just and proper.

## **DEMAND FOR A JURY TRIAL**

TA hereby demands a trial by jury in this action.

Dated: August 10, 2011

        Respectfully Submitted,

        By: */s/ Jennifer B. Furey*
        Jennifer B. Furey (BBO # 634174)
        COOLEY MANION JONES LLP
        21 Custom House Street
        Boston, MA 02110
        617-670-8517 (telephone)
        617-737-0374 (facsimile)
        jfurey@cmjlaw.com

        Seeking admission *pro hac vice*:

        Alan M. Fisch
        KAYE SCHOLER LLP
        The McPherson Building
        901 Fifteenth Street, NW
        Washington, DC 20005-2327
        (202) 682-3500 (telephone)
        (202) 682-3580 (facsimile)
        alan.fisch@kayescholer.com

        *Attorneys for Plaintiff*
        *TA Operating LLC*